UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| EMPLOYEE BENEFIT MANAGERS, INCORPORATED, OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 1:04-CV-443-TS |
| A MEDEX TRANSITION ADMINISTRATION COMPANY LIMITED, DARREN THOMAS, GENERAL MEDITERRANEAN HOLDING SA, GMIS SA, NADHMI S. AUCHI, MOHAMED BAYOUMI, PAUL TOWEY, and SUSAN HAMPSON, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Darren Thomas's Motion to Dismiss for Lack of Personal Jurisdiction [DE 80]. Thomas asserts that personal jurisdiction is foreclosed under Indiana's long arm statute by the "fiduciary shield" doctrine, which he contends is still the law in Indiana. The Defendant's Motion has been fully briefed and is ripe for ruling.[1]

"A federal court sitting in diversity has the obligation to apply the law of the state as it believes the highest court of the state would apply it if presented with the issue." *Allstate Ins. Co. v. Keca*, 368 F.3d 793, 796 (7th Cir. 2004). If the precise legal interpretation the district court faces has not been addressed by the Indiana Supreme Court, the court must make its best determination of how that court would resolve the issue. *Erie Ins. Group v. Sear Corp.*, 102 F.3d 889, 892 (7th Cir. 1996). In the absence of a decision by the state's highest court, an intermediate state court's decision

---

[1] Although the Court previously ruled on the portion of the Motion seeking dismissal under Rule 12(b)(6), Thomas's claim for dismissal under Rule 12(b)(2) for lack of jurisdiction over the person remains pending.

is authoritative unless there is good reason to believe that the highest court would reject the decision of the intermediate court. *Miller v. Pardner's, Inc.*, 893 F.2d 932, 934 (7th Cir. 1990).

The fiduciary shield doctrine, which precludes a state from exercising jurisdiction over an individual sued in his personal capacity if his only contacts with the forum state are those in his capacity as a corporate fiduciary, was recognized by the Indiana Court of Appeals in *Ryan v. Chayes Virginia, Inc.*, 553 N.E.2d 1237, 1239 (Ind. Ct. App. 1990) (quoting *Hafner v. Lutheran Church-Missouri Synod*, 616 F. Supp. 735, 739 (N.D. Ind. 1985), *abrogated in part on other grounds by Anthem Ins. Cos. v. Tenet Healthcare Corp.*, 730 N.E.2d 1227 (Ind. 2000). Since *Ryan*, no other Indiana state court has applied the doctrine to defeat personal jurisdiction.

However, the doctrine has suffered considerable attack. In *Intermatic, Inc. v. Taymac Corp.*, 815 F. Supp. 290, 293–96 (S.D. Ind.1993), Judge McKinney analyzed the fiduciary shield doctrine under Indiana law and ultimately rejected it. He noted that the Indiana Supreme Court had not yet addressed whether the doctrine was required by the state's long-arm statute. *Id.* at 294. He also observed that many other states with compatible long arm statutes had rejected the doctrine, reasoning that the United States Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783, 790 (1984), implicitly rejected the doctrine as a requirement of federal due process. *Id.* at 296. He concluded that the Indiana Supreme Court would not likely follow the intermediary court's decision in *Ryan v. Chayes Virginia* because of the doctrine's flaws, unworkability, and potential conflict with the understanding that Indiana's long-arm statute extended personal jurisdiction to the full limits of federal due process. *Id.*; *see also Health Mgmt. Prof'ls Inc. v. Diversified Bus. Enters., Inc.*, 882 F. Supp. 795, 799 (S.D. Ind. 1995) (citing *Intermatic* and *Calder v. Jones* to refuse to apply the fiduciary shield doctrine to insulate defendant corporate officer from personal jurisdiction).

Since the *Intermatic* decision in 1993, the Indiana long-arm statute has once again been extended to federal constitutional limits. *See Litmer v. PDQUSA.com*, 326 F. Supp. 2d 952, 955 (N.D. Ind. 2004) (finding that, with 2003 amendments, the inquiry regarding the eight categories of actions in Indiana long arm statute is collapsed into a federal due process analysis and that Indiana state court will have personal jurisdiction over a defendant if the exercise of jurisdiction comports with federal due process); *Richards v. O'Neil, LLP v. Conk*, 774 N.E.2d 540, 550 n.6 (Ind. Ct. App. 2002) (Najam, J. concurring) (same)[2].

This Court agrees with Judge McKinney's conclusion in *Intermatic* that "if faced with the decision, the Supreme Court of Indiana would decline to adopt the fiduciary shield doctrine and would not follow the decision of the Court of Appeals in *Ryan*." 815 F. Supp. 2d at 296. Accordingly, Defendant's Thomas's basis for challenging this Court's personal jurisdiction is rejected and his Motion to Dismiss for Lack of Personal Jurisdiction is denied.

## CONCLUSION AND ORDER

For the foregoing reasons, Defendant Darren Thomas's Motion to Dismiss [DE 80] is DENIED. All issues presented for ruling in DE 80 have been resolved.

SO ORDERED on March 31, 2006.

 s/ Theresa L. Springmann<br>
THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT

---

[2] The Court is aware of *Pozzo Truck Center, Inc. v. Crown Beds, Inc.*, 816 N.E.2d 966, 969 n.2 (Ind. Ct. App. 2004), in which the court disagreed with *Litmer's* holding that the 2003 amendments allowed a one-step constitutional analysis. The Court finds that the language and history of Indiana's long-arm statute supports the one-step constitutional analysis when jurisdiction is challenged.